IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CR408 |
| | ) | |
| v. | ) | |
| | ) | |
| PAULA M. BUDLONG, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant Paula M. Budlong's (hereinafter "defendant") motion to amend pursuant to 18 U.S.C. § 3582(c) (Filing No. 108). Under § 3582(c)(2), defendant seeks a reduction of her term of imprisonment as a result of an intervening post-sentencing change[1] in the United States Sentencing Guidelines ("Sentencing Guidelines"). Eighth Circuit precedent forecloses defendant's argument, and she is therefore not entitled to the retroactive application of the November 1, 2010, Amendments to the Sentencing Guidelines.

On November 18, 2008, defendant was indicted by the federal Grand Jury sitting in the District of Nebraska for controlled substance offenses. Count I of the indictment charged that from an unknown date but at least as early as October 9, 2008, and continuing through October 20, 2008, defendant and co-

---

[1] Defendant does not provide under what "post-sentencing change" she seeks reduction; however, the Court assumes defendant seeks reduction pursuant to the November 1, 2010, Amendments to the Sentencing Guidelines.

defendant knowingly and intentionally conspired to distribute and possess with intent to distribute 5 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1), and § 846. Count II charged that on or about October 9, 2008, defendants knowingly and intentionally distributed less than 5 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1). Count III charged that on or about October 13, 2008, defendants knowingly and intentionally distributed less than 5 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1). Count IV charged that on or about October 20, 2008, defendants knowingly and intentionally distributed less than 5 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1). Count V contained a forfeiture charge, pursuant to 21 U.S.C. § 853.

On March 5, 2009, defendant and her counsel appeared before this Court with a plea agreement, and defendant knowingly and voluntarily pled guilty to Counts I and V of the indictment. The government dismissed the remaining counts against defendant. On September 30, 2009, defendant was sentenced to a term of 64 months.

On November 1, 2010, amendments to the Sentencing Guidelines became effective to apply to all offenders sentenced after that date. *See* 18 U.S.C. § 3553(a)(4)(ii) (sentencing courts must consider the guidelines that "are in effect on the

date the defendant is sentenced"). Defendant now urges this Court to retroactively apply the amendments to her case for a possible sentence reduction. The Eighth Circuit has held, however, that these amendments to the Sentencing Guidelines are not retroactive. *See United States v. Orr*, No. 09-3644, 2011 WL 722405, at *12 (8th Cir. Mar. 3, 2011) ("Thus, as we have previously recognized, Congress expressed no desire in the [amendments to the sentencing guidelines] that [they] be applied retroactively, and consequently the federal Savings Statute clearly forecloses [defendant's] argument for retroactive application.")

Accordingly, defendant's motion to amend pursuant to 18 U.S.C. § 3582(c) will be denied. A separate order will be entered in accordance with this memorandum opinion.

DATED this 16th day of March, 2011.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court